IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

GLENN WANDREY                                                                    PLAINTIFF

V.                              Case No. 5:14-CV-05087

CJ PROFESSIONAL SATELLITES, INC.,
CJ'S SATELLITE COMPANY, and
JULIA ANDERSON                                                                  DEFENDANTS

### DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS COMPLAINT

Defendants CJ Professional Satellites, Inc., CJ's Satellite Company and Julie Anderson file this Brief in Support of Defendants' Motion to Dismiss Plaintiff's Complaint ("Complaint," Dkt. No. 1) pursuant to Federal Rule of Civil Procedure 12(b)(6) and show the Court as follows:

### I.
### INTRODUCTION

According to his Complaint, Plaintiff Glenn Wandrey is a satellite installation and repair technician who performed services for CJ's Professional Satellites, Inc. as an independent contractor for approximately two months in 2013.[1] Wandrey alleges that CJ's violated the Fair Labor Standards Act ("FLSA") by failing to pay him and others "similarly situated" minimum wage and overtime as required by the FLSA. The crux of Wandrey's Complaint is the assumption that he was misclassified as an independent contractor rather than an employee while performing satellite installation and repair services for CJ's Satellite Company, Inc. Dkt. No. 1, ¶ 1.

---

[1] Wandrey actually performed services for CJ's Professional Satellites, Inc. for only three weeks in 2013, but for purposes of Defendants' Motion only, Defendants accept as true Wandrey's allegation that he performed technician services from October of 2013 to December of 2013. Dkt. No. 1, ¶¶ 14, 25.

The "facts" alleged by Wandrey to support his claims, which he attempts to impute to an ill-defined class of purportedly similarly situated individuals, are built on a faulty foundation of boilerplate and conclusory allegations that fail to satisfy federal pleading standards. The majority of Wandrey's Complaint consists of nothing more than generic statements, legal conclusions, and threadbare recitals of the elements of an FLSA cause of action that could be similarly pled in any FLSA lawsuit. Particularly troubling is Wandrey's inability to identify which Defendant – CJ's Professional Satellites, Inc., CJ's Satellite Company, or Julia Anderson – engaged in the alleged misclassification or "controlled" any aspect of Wandrey's technician services. Instead, Wandrey sidesteps this critical component of a well-pleaded Complaint by lumping all three entities together and declaring, without any factual support, that the entities "collectively operate a single-integrated enterprise" for purposes of assessing liability. Dkt. No. 1, ¶ 7.

Further missing from Wandrey's Complaint are any specific allegations concerning the employment relationship between him and any Defendant, or any allegations to show that collective treatment is appropriate for Wandrey's claims, or any allegations to show that FLSA coverage exists at all in this instance. The absence of these critical facts renders Wandrey's Complaint insufficient to state a plausible right to relief on either his individual FLSA or collective action allegations and warrants dismissal under Rule 12(b)(6).

## II.
## ARGUMENT & AUTHORITIES

A.     The *Twombly/Iqbal* **Dismissal Standard Under Rule 12(b)(6).**

To withstand a Rule 12(b)(6) motion to dismiss, the complaint must "contain sufficient factual matter accepted as true to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

(2007)). A claim is facially plausible only when a plaintiff has pleaded factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

The allegations cannot be merely consistent with the defendant's alleged liability, but must also show more than a sheer possibility that the defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678. The allegations need not be detailed, but they must be more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Naked assertions devoid of further factual enhancement will not suffice, nor will labels and conclusions. *Id.* Similarly, "a formulaic recitation of the elements of a cause of action" without supporting facts are inadequate. *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). Consequently, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions."). To survive a motion to dismiss, Wandrey must allege actual facts that "nudge[] [his] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

B.   **Wandrey's Unsupported Allegation That All Three Defendants Constitute A Single Enterprise Is Insufficient To Survive Dismissal.**

Wandrey brings his FLSA claims against three Defendants: CJ Professional Satellites Inc., CJ's Satellite Company and Julia Anderson. According to Wandrey, all three entities were Wandrey's employers and "collectively operated a single-integrated enterprise, which is jointly and severally liable for the wage violations committed by any of them." Dkt. No. 1, ¶¶ 7-8.

Wandrey contends the "facts" in his Complaint apply to all three entities with no need for differentiation, and refers throughout his Complaint to all Defendants jointly as "CJ's Satellite."[2]

Wandrey provides no factual support for his legal conclusion that Defendants operate a "single-integrated enterprise." He simply lumps all of the defendants together and refers to them collectively as "Defendants" and asks the Court to deem that good enough. But the Supreme Court rejected this pleading method as inadequate in *Iqbal*. 556 U.S. at 676 (holding that, where vicarious liability is inapplicable, a plaintiff must plead that each defendant, through his own individual actions, has violated the law). "[A] complaint must describe each named defendant's **personal involvement** in the events upon which the plaintiff's claims are based." *King v. Luther*, No. 12cv1575 (DSD/SER), 2012 WL 5941765, at *2 (D. Minn. Nov. 6, 2012) (emphasis in original). In fact, "a complaint that repeatedly refers to defendants collectively, without differentiation, is more likely to run afoul of the plausibility standard of *Iqbal* and *Twombly* . . . than one with more specific allegations." *In re Am. Apparel Shareholder Derivative Litig.*, No. CV 10-06576 MMM (RCx), 2012 WL 9506072, at *41 (C.D. Cal. July 31, 2012); *see also Robbins v. Okla. ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1250 (10th Cir. 2008) ("[T]he burden rests on the plaintiffs to provide fair notice of the grounds for the claims made against *each* of the defendants. Given the complaint's use of either the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed.") (emphasis added); *Atuahene v. City of Hartford*, 10 Fed. Appx. 33, 34 (2d Cir. 2001) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [the] complaint failed to

---

[2] Dkt. No. 1, ¶ 7 ("[t]he single integrated enterprise will be referred to as 'CJ's Satellite' throughout this Complaint.").

satisfy this minimum standard . . . ."); *Taffaro v. Peralta*, No. 12-2720, 2013 WL 2155657, at *13 (E.D. La. May 17, 2013) ("[W]hen numerous defendants are collectively implicated in alleged misconduct, the 'short and plain statement of the claim showing that the pleader is entitled to relief' must at least implicate discrete defendants in specific conduct."). Plaintiff's collective pleading method is therefore insufficient under the pleading standards of Rule 8.[3]

### C. Wandrey Fails To Allege Sufficient Facts To Demonstrate The Existence Of An Employment Relationship With Any Defendant.

Even if an unsupported and naked assertion that three separate entities operate a single enterprise was sufficient to state a valid claim under the pleading standards of Rule 8, Wandrey also fails to allege any facts to demonstrate the existence of an employment relationship between himself and *any* Defendant. In an FLSA case, liability is contingent on the existence of an employer-employee relationship between the parties. *Blair v. Wills*, 420 F.3d 823, 829 (8th Cir. 2005). To determine if an employer-employee relationship exists, courts ordinarily examine the "economic realities" of the relationship. *Id.* at 829. In making this inquiry, courts consider whether the alleged employer: (1) possessed the power to hire and fire employees; (2) supervised and controlled the manner in which the work was performed; and (3) determined the rate and method of payment. *Helmert v. Butterball, LLC*, No. 4:08-CV-00342-JLH, 2010 WL 779321, at *3 (E.D. Ark. Mar. 5, 2010). As demonstrated below, Wandrey does not allege any facts to address factors 1 and 3 of the Eighth Circuit's "economic realities" test, and the facts on which

---

[3] *See also Chambers v. Ashley Furniture Indus., Inc.*, No. 3:10CV362-RJC-DSC, 2010 WL 4977102, at *6 (W.D.N.C. Nov. 9, 2010) (adopted by 2012 WL 4975495) (under almost identical circumstances, the plaintiff's claims were dismissed *with prejudice* for failure to allege anything more than three furniture store defendants were "an integrated enterprise and/or ... joint employer[s] with the other defendants...."); *E.E.O.C. v. American Laser Ctrs. LLC*, No. 1:09-CV-2247-AWI-DLB, 2010 WL 3220316, at *4 (E.D. Cal. Aug. 13, 2010) (simply stating that two defendants do business as an integrated enterprise is "conclusory" and insufficient to defeat dismissal under *Iqbal* and *Twombly*.).

he relies to establish factor 2 do not support his contention that any Defendant "controlled the manner in which his work was performed."

At the outset, however, Wandrey's Complaint fails because it is wholly ambiguous as to which entity was, or could be considered, his alleged employer. Wandrey does not identify which entity – CJ Professional Satellites, Inc., CJ's Satellite Company, or Julia Anderson – purportedly hired him, or could have fired him, or otherwise played any role in assigning work assignments or determining the rate and method of payment. This alone is fatal to his FLSA claims. *See* § II(B), *infra*.

Indeed, Wandrey does not allege that *any* Defendant hired him or could have fired him as an employee.[4] Likewise, Wandrey does not address with any specificity whether any Defendant determined the rate and method of payment for satellite technicians.[5] Wandrey's only factual allegations that address the "economic realities" test focus exclusively on whether Defendants "supervised and controlled the manner in which the work was performed." *Helmert*, 2010 WL 779321, at *3. To establish this factor, Wandrey alleges that Defendants, collectively, controlled "every aspect" of his work by (1) providing him with a uniform and training; (2) requiring him to purchase certain equipment; and (3) assigning various installation and repair jobs. Dkt. No. 1, ¶¶ 1, 16-18. Upon closer examination, however, Wandrey's factual allegations are insufficient to show the requisite control necessary to establish an employment relationship and to defeat dismissal; instead, they merely demonstrate the method by which a satellite installation and

---

[4] Dkt. No. 1, ¶ 14 ("Wandrey *began working* as a satellite technician for CJ's … in October of 2013) (emphasis supplied).
[5] Wandrey generally alleges that "CJ's Satellite" pays satellite technicians on a per job basis, and that the "rate varied based on a skill-assessment level assigned by 'CJ's Satellite.'" Dkt. No. 1, ¶ 24. However, it is unclear from the Complaint whether the *job* or the *individual technician* is purportedly subject to this "skill-assessment." Wandrey does not address whether such rates are negotiable, and does not address whether any Defendant is responsible for determining the method by which technicians receive payment.

repair company would ordinarily utilize independent contractors to satisfy its contractual obligations.

Wandrey first does not explain how providing a uniform and training establishes the requisite control necessary to form the basis of an employer-employee relationship in this instance. Importantly, Wandrey *does not* allege that the actual *tools* used to perform the installation and repair services are provided to technicians by any Defendant, nor could he; the independent contractors utilized in this instance are required to use their own tools for the installation and repair services they contractually agree to provide. Second, Wandrey's allegation that technicians are required to purchase certain equipment likewise does not show "control," but demonstrates – quite sensibly – that technicians who contract to install or repair Dish Network satellite equipment for Dish Network satellite customers must use Dish Network approved equipment and parts. In that same vein, Wandrey's final allegation – that Defendants inform technicians which jobs to complete – does not demonstrate control, but the existence of an origination point for the distribution of installation and repair orders.

Thus, having failed to address 2 of the 3 factors of the economic realities test, Wandrey is left only with the above "facts" to demonstrate that an unidentifiable Defendant controlled the terms and conditions of his alleged employment. Even if a single factor were sufficient to establish an employer-employee relationship, Wandrey's "facts" do nothing more than establish a routine independent contractor relationship between a satellite installation and repair company and the technicians with whom it contracts. Accordingly, Wandrey's claims should be dismissed.

D. **Wandrey's Complaint Fails To Sufficiently Plead That Defendant Anderson Could Be Held Individually Liable Under The FLSA.**

Although Wandrey in his Complaint refers to Defendants collectively, he does not allege any facts to show that Defendant Anderson is a "joint employer" with either CJ Professional Satellites, Inc. or CJ's Satellite Company, and thus could be held individually liable under the FLSA. Instead, Wandrey merely alleges that both CJ entities are "owned and operated" by Defendant Anderson, Dkt. No. 1, ¶ 1, and further claims generically that "Defendants collectively operated a single-integrated enterprise." Dkt. No. 1, ¶ 5. Nothing else in Wandrey's Complaint touches on Defendant Anderson's individual conduct toward technicians.

Wandrey, for example, does not allege that Defendant Anderson (or any Defendant) individually was responsible for hiring or firing employees, or engaging the services of independent contractors. Nor does Wandrey allege that Defendant Anderson had supervisory authority over technicians, *or* set technicians' schedules, *or* assigned technicians installation or repair jobs, *or* played any role at all in determining technicians' rates and methods of pay. Wandrey's allegations therefore fall short under relevant Eighth Circuit authority, and cannot support a claim for individual liability under the FLSA. *See, e.g., Perez-Benites v. Candy Brand, LLC*, Case No. 1:07-CV-1048, 2011 WL 1978414, at *7-8 (W.D. Ark. May 20, 2011) (collecting cases) (showing generally that at least some allegation of operational control, active management, or daily contact is required to demonstrate employment relationship for purposes of individual liability under the FLSA).

E. **Wandrey's Collective Action Allegations Are Insufficient And Should Be Dismissed.**

Wandrey's Complaint also fails to properly plead sufficient facts to show collective treatment is appropriate in this instance. The FLSA requires plaintiffs in a collective action to be "similarly situated." *See* 29 U.S.C. § 216(b). Although Wandrey purports to bring his claim on

behalf of himself and "[a]ll CJ's Satellite installation and repair technicians employed within the last three years," Wandrey's Complaint fails to plead or define any attributes of the alleged similarly situated employees.

When a plaintiff brings an FLSA action for and on behalf of other similarly situated employees, the complaint must indicate who these other employees are and allege facts that would entitle them to relief. *See Jones*, 538 F. Supp. 2d at 1102 (granting a motion to dismiss and stating, "there is not, on the face of the Amended Complaint, a single *factual* allegation that would permit an inference that even one member of the Plaintiffs' collective [action] has a 'right to relief above the speculative level.'"); *Zhong v. August Corp.*, 498 F. Supp. 2d 625, 631 (S.D.N.Y. 2007) (applying *Twombly* to dismiss FLSA collective action allegations where plaintiff's failure to generally name similarly situated employees and to allege a common policy applicable to all purported class members.); *Pickering v. Lorillard Tobacco Co., Inc.*, 2:10-CV-633-WKW[WO], 2011 WL 111730, at *1-3 (M.D. Ala. Jan. 13, 2011) (same).

Here, the same lack of factual specificity that plagues Wandrey's individual claims undermines his collective action allegations. Wandrey alleges no facts about the members of the putative class that would allow for these employees to be identified in any meaningful way, nor any illegal policy or practice common to all putative class members. Instead, Wandrey's Complaint identifies a vague and ill-defined proposed class consisting of:

> All CJ's Satellite installation and repair technicians employed within the past three years.

Dkt. No. 1, ¶ 28.[6] Thus, Wandrey alleges that an unspecified number of individuals, working at unspecified places, were compensated according to an unidentified policy or practice of

---

[6] Wandrey's ability to represent his proposed putative class is also suspect because, while he purports to represent technicians employed within the last three years, Wandrey himself only performed services for "CJ's Satellites" for *two months* during 2013. Dkt. No. 1, ¶¶ 14, 25.

misclassification, resulting in non-payment or under-payment of wages in violation of the FLSA. Such unsupported allegations are insufficient to state a collective action claim under the FLSA. *See Landry v. Peter Pan Bus Lines, Inc.*, 09-11012-RWZ, 2009 WL 9417053 at *2 (D. Mass. Nov. 20, 2009) (dismissing collective action claims based on the plaintiff's insufficient class definition). Indeed, Wandrey's Complaint is devoid of any facts to support these collective action allegations, much less the factual nexus necessary to show how these other employees are similarly situated to Wandrey. *See Pickering*, 2011 WL 111730, at *3 (holding "[i]n sum, the Complaint contains no factual basis by which to assess whether Plaintiff and the other employees are similarly situated. In the absence of any detail, Plaintiff has not sufficiently alleged an action on behalf of other similarly situated.").

Because Wandrey's Complaint contains no factual basis by which to assess whether he and the other purported collective action members are "similarly situated," Wandrey's attempt to assert a collective action on behalf of other employees should be dismissed.

### F.     Wandrey Failed To Adequately Plead A Willful Violation Of The FLSA.

Notwithstanding the facial implausibility of Wandrey's FLSA claims, Wandrey further failed to sufficiently plead a "willful" violation of the FLSA. Accordingly, Wandrey's "third-year" FLSA claims should be dismissed.

Claims under the FLSA must be filed within two years after the cause of action accrues or within three years if the alleged violation was "willful," that is, if the employer "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988) (interpreting the word "willful" as used in 29 U.S.C. § 255(a)). "Thus, in accordance with *Iqbal*, it is insufficient to merely assert that the employer's conduct was willful; the Court must look at the underlying factual allegations

in the complaint to see if they could support more than an ordinary FLSA violation." *See, e.g., Mitchell v. C & S Wholesale Grocers, Inc.*, 2010 WL 2735655, *4 (D. N.J. July 8, 2010).

To plead a facially-plausible "third-year" FLSA claim, Wandrey must allege "enough factual matter (taken as true) to suggest that" CJ's knew its alleged conduct was prohibited by the FLSA, or exhibited reckless disregard with respect thereto. *See Twombly*, 550 U.S. at 556 ("Asking for plausible grounds to infer [an illegal act] . . . calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [of the illegal act].").

In the instant case, Wandrey failed to provide any facts that would suggest CJ's had knowledge that CJ's alleged conduct was violative of the FLSA. Instead, Wandrey merely repeats throughout his Complaint, in conclusory fashion, that CJ's actions were willful. Dkt. No. 1, ¶¶ 22, 23 and 29. This single "allegation" – even though oft repeated – is nothing more than a legal conclusion that references the statutory language of 29 U.S.C. § 255(a). In *Mell v. GNC Corp.*, the plaintiffs' alleged "knowing" and "willful" FLSA violations. 2010 WL 4668966, at *8. The *Mell* court found these allegations were inadequate for the court to reasonably infer that the defendant willfully violated the FLSA under the heightened-pleading standard in *Iqbal* because "there are no factual allegations which would support a claim that the violations were willful, for example, reports of complaints to supervisors about having to work off the clock which were rebuffed or ignored." *Id.* at *8-9 (dismissing complaint with prejudice).

The same is true here. Wandrey has not alleged any underlying facts from which this Court could reasonably infer that CJ's willfully violated the FLSA. Accordingly, Wandrey's "third-year" FLSA claim should be dismissed.

G.  **Wandrey Failed To Sufficiently Plead Facts Showing FLSA Coverage.**

The FLSA applies only to employees "engaged in commerce or in the production of goods for commerce . . . or . . . employed in an enterprise engaged in commerce or in the

production of goods for commerce." 29 U.S.C. § 207(a)(1); *see also Donovan v. Sideris*, 688 F.2d 74, 75 (8th Cir. 1982) ("The FLSA covers all employees of certain statutorily-defined 'enterprises engaged in commerce.'"); *Christenson v. Coki Svcs. Corp.*, No. 12-2202 (PAM/AJB), 2012 WL 5930668 (D. Minn. Nov. 26, 2012). "An employee can be covered under [the] FLSA ... if he is either a covered individual under [the] FLSA or the employer is a covered employer under [the] FLSA." *Christenson*, 2012 WL 5930668, at * 1. By his Complaint, Wandrey fails to establish either individual or enterprise coverage, and his FLSA claims should be dismissed.

1. **Wandrey Failed To Adequately Plead Individual FLSA Coverage.**

In order for Wandrey's FLSA claims to survive dismissal, he "must establish that he is (1) engaged in commerce or (2) engaged in the production of goods for commerce." *Christenson*, 2012 WL 5930668, at * 1 (citing 29 U.S.C. § 207(a)(1)). This is because, in enacting the FLSA, "Congress intended to regulate only 'those activities constituting interstate commerce, not activities merely affecting commerce.'" *Id.* (citing *Thorne v. All Restorations Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006)). To be "engaged in commerce," Wandrey must allege facts sufficient to show that he was:

> directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, e.g., transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, e.g., regular and recurrent use[] of interstate telephone, telegraph, mails, or travel.

*Thorne*, 448 F.3d at 1266 (citing 29 C.F.R. §§ 776.23(d)(2), 776.24).

Here, Wandrey only puts forth the conclusory allegation that he "and each of the prospective FLSA Collective Action Plaintiffs ... have been and/or continue to be engaged in interstate 'commerce' and/or in the production of 'goods' for 'commerce' within the meaning of

the FLSA...." Dkt. No. 1, ¶ 26. Wandrey, however, fails to support this legal conclusion with anything in the way of facts. The court in *Christenson* addressed an analogous situation. In that case, plaintiff-service technicians performed services for defendant-handyman company and alleged violations of the FLSA. In testing the sufficiency of the Complaint, the court recognized that, like in this case, the plaintiffs "work in customers' residences, and make no allegation that they regularly use the instrumentalities of interstate commerce in their work." 2012 WL 5930668, at * 1. Accordingly, "it would be difficult to image that a residential handyman would regularly use such instrumentalities ... [as the] work is almost quintessentially local, not interstate." *Id.* Similarly, in *Payne v. Universal Recovery, Inc.*, No. 3:11-CV-1672-D, 2011 WL 7415414, at *4 (N.D. Tex. Dec. 7, 2011), *adopted by* 2012 WL 593483 (N.D. Tex. Feb. 17, 2012), the court held that the plaintiff failed to sufficiently plead individual coverage under the FLSA where he alleged only that he worked for the defendants as a "repo/driver caller" and that he was "individually engaged in commerce as an employee."

Much like in *Christenson* and *Payne*, Wandrey has put forth only conclusory allegations that he and other similarly situated satellite installation and repair technicians are engaged in, or otherwise produce, goods for interstate commerce. Dkt. No. 1, ¶ 26. It would be "difficult to imagine" that satellite technicians, who allegedly receive installation and repair orders from local offices, would regularly use any instrumentalities of interstate commerce, and Wandrey has not plead any facts to allow the Court to infer otherwise.

    2.    **Wandrey Failed To Adequately Plead Enterprise FLSA Coverage.**

Alternatively, Wandrey can bring a claim under the FLSA if he can establish that Defendants are an "enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 206(a). However, Wandrey's factual allegations supporting enterprise coverage suffer from the same fatal defects as his individual coverage allegations.

Wandrey's Complaint contains only boilerplate language stating that Defendants are "employer[s] engaged in interstate 'commerce; and/or the production of 'goods' for 'commerce...'" Dkt. No. 1, ¶ 26. This type of boilerplate language consistently has been held insufficient to defeat dismissal. For example, in *Lindgren v. Spears*, Civ. A. No. H-10-1929, 2010 WL 5437270, at *3 (S.D. Tex. Dec. 27, 2010), the court granted the defendant's Rule 12(b)(6) motion to dismiss the plaintiff's FLSA complaint where the plaintiff's allegations of FLSA coverage "merely repeat[ed] the statutory elements of coverage, which [was] an element of the claim." Similarly, the court in *Payne* held that the plaintiff failed to plead enterprise coverage because he made only conclusory allegations that the defendant "was an enterprise engaged in interstate commerce" and that "Defendants regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by [FLSA]." 2011 WL 7415414, at *5.

Wandrey's allegation that Defendants are "engaged in commerce" merely parrot the statutory text for FLSA coverage and contain no facts giving rise to a reasonable inference that Defendants were engaged in commerce or in the production of goods for commerce. Accordingly, Wandrey has failed to adequately plead individual or enterprise coverage under the FLSA, and the Complaint should be dismissed with prejudice.

### III.
### CONCLUSION

For all these reasons, Defendants respectfully requests that the Court grant their Motion, dismiss Wandrey's claims with prejudice, and grant Defendants all other and further relief, at law or in equity, to which it shows itself to be justly entitled.

Respectfully Submitted,

/s/ Kimberly Rives Miers
Eva C. Madison (98183)
Littler Mendelson, P.C.
217 E. Dickson Street, Suite 204
Fayetteville, Arkansas 72701
Telephone: 479.582.6100
Fax: 479.582.6111
emadison@littler.com

Kimberly Rives Miers (Texas Bar No. 24041482)
LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, Texas 75201.2931
Telephone: 214.880.8100
Facsimile: 214.880.0181
kmiers@littler.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2014, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

John T. Holleman
Maryna O. Jackson
Timothy A. Steadman
HOLLEMAN & ASSOCIATES, P.A.
1008 West Second Street
Little Rock, Arkansas 72201

/s/ Kimberly Rives Miers

Firmwide:126361183.2 999999.6244